Carl Wesley THOMAS, Plaintiff–
Appellant,

v.

Paul BIBLE, et al., Defendants–
Appellees.

No. 90–15558.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1992.

Decided Jan. 7, 1993.

Bruce Judd, Las Vegas, NV, for plaintiff-appellant

Gloria Stendardi, Deputy Atty. Gen., Las Vegas, NV, for defendants-appellees.

Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.

REINHARDT, Circuit Judge:

Carl Wesley Thomas, who unsucc$essfully charged the members of the Nevada Gaming Commission and others with violating his civil rights, appeals the district court's award of attorneys' fees to the defendants. Because the award is contrary to law, we reverse.

Thomas brought a § 1983 action in which he alleged that the Commission's decision to exclude him from licensed gaming establishments violated his Fifth Amendment right against self-incrimination and the Fourteenth Amendment guaranties of due process and equal protection of the laws. The district court granted defendants' motion for summary judgment in a thirty-two page order. 694 F.Supp. 750. Thomas appealed and we affirmed the lower court's decision in an unpublished memorandum disposition. 896 F.2d 555. We held, *inter alia*, that Thomas' appeal was not frivolous. Prior to our decision, the district court had entered an order staying defendants' motion for attorneys' fees until resolution of the appellate proceedings. Following our affirmance of its decision on the merits, the district court issued a one-page order granting defendants' motion for fees under 42 U.S.C. § 1988 in the amount of $39,695.00.

A district court may award a prevailing defendant attorneys' fees under 42 U.S.C. § 1988 only if it "finds that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)). Attorneys' fees awards are reviewed for abuse of discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Elks Nat. Foundation v. Weber*, 942 F.2d 1480, 1483, 1485 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992). If a district court makes an error of law in such a case, a court of appeals will reverse the judgment under the abuse of discretion standard. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). Thomas asserts that the district court abused its discretion because 1) the previous panel's conclusion that his appeal was not frivolous necessarily implies that his action was itself non-frivolous;[1] 2) the district court failed to

---

1. Ninth Circuit rule 36–3 prohibits citation of unpublished decisions except where relevant un-

**154**

make the requisite finding of frivolousness; and 3) the district court offered no support for the amount of the fee award.

■ Although not expressly denominated as such, Thomas' first argument amounts to a contention that the panel's decision as to frivolousness operates as law of the case. Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir.1990). Moreover, " 'under "law of the case" doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case.' " *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir.1991) (quoting *Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir.), cert. denied, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979)). For the doctrine to apply, the issue in question must have been " 'decided either expressly or by necessary implication in [the] previous disposition.' " *Milgard*, 902 F.2d at 715 (quoting *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir.1982)). The applicability of law of the case here turns on whether we implicitly determined previously that Thomas' action was not frivolous.

■ There may be cases in which a non-frivolous or even a meritorious appeal could be taken from an order granting summary judgment against a plaintiff who has filed a frivolous action. For example, if the district court fails to adhere to the procedural requirements of Fed.R.Civ.P. 56 before granting summary judgment, an appeal of such an order would not be frivolous, even though the underlying action is. However, in this case we addressed the merits of Thomas' claims exclusively. The question before us previously was whether the award of summary judgment for defendants on the merits was proper. In such circumstances, the merits of the appeal are inseparable from the merits of the underlying action. In refusing to award fees on the ground that Thomas' appeal of the district court's order was not frivolous, by necessary implication we decided that Thomas' action itself was not frivolous.[2]

■ While our previous decision to deny fees on appeal rested on our conclusion that the appeal was not frivolous, not every decision to deny appellate fees is the result of a such a determination. Because appellate sanctions are discretionary, it does not necessarily follow that we will award fees even where a district court's award of attorneys' fees under 42 U.S.C. § 1988 is upheld on appeal.[3] *Elks*, 942 F.2d at 1485

der the doctrines of law of the case, res judicata, or collateral estoppel. Citation of the memorandum opinion is appropriate in the present circumstances under the first exception.

2. The dissent rejects this conclusion for two reasons. First, the dissent considers "our characterization of the appeal as not frivolous [ ]as functionally equivalent to a discretionary decision not to award attorney's fees." The fact is that if an appeal is non-frivolous we *cannot* award appellate fees under Fed.R.App.P. 38, but if an appeal is frivolous Fed.R.App.P. 38 gives us *discretion* to grant or deny fees. While the end result may be the same in either circumstance, for purposes of law of the case doctrine the consequences of relying on one ground rather than the other are entirely different. In one case we resolve a legal issue, in the other we exercise our discretionary authority. One, therefore, leads to law of the case as to the underlying issue; the other does not. The dissent's novel "functionally equivalent" concept

ignores this distinction as well as the express holding of *Thomas I.*

Second, the dissent suggests we have overlooked the fact that the Supreme Court's standard for the award of defendant attorneys' fees under 42 U.S.C. § 1988 is stated in the disjunctive. We have not. The terms "frivolous", "unreasonable" and "without foundation" as used in this context do not have appreciably different meanings. If they did, then a claim could, paradoxically, be frivolous but yet reasonable and with foundation. There is simply no support in logic or precedent for the dissent's reading of *Christiansburg*. *See, e.g., Learned v. Bellvue*, 860 F.2d 928, 934 (9th Cir.1988), cert. denied, 489 U.S. 1079, 109 S.Ct. 1530, 103 L.Ed.2d 835 (1989) (citing a number of different formulations of the appropriate test and treating them interchangeably).

3. *Equal Employment Opportunity Comm'n v. Bruno's Restaurant*, 976 F.2d 521, 525 (9th Cir. 1992), is not to the contrary. There we affirmed a *discretionary* award of attorneys' fees but declined to impose fees on appeal.

(citing *Price v. Hawaii*, 939 F.2d 702 (9th Cir.1991)); *cf.* Fed.R.Civ.P. 11 (sanctions are mandatory if violation is found). In *Price v. Hawaii*, we affirmed a lower court decision that the plaintiffs' action itself was frivolous with respect to one defendant but *in our discretion* declined to award attorneys' fees on appeal to that defendant because that defendant had made arguments on appeal that were themselves frivolous. 939 F.2d at 709–10, 710 n. 10.

 Because, by necessary implication, we previously determined that Thomas' action was not frivolous, the preclusive doctrine of law of the case is applicable. *Milgard*, 902 F.2d at 715. While courts have some discretion not to apply the doctrine of law of the case, *Merritt*, 932 F.2d at 1320, that discretion is limited. Depending on the nature of the case or issue and on the level or levels of the courts or courts involved, a court may have discretion to reopen a previously resolved question under one or more of the following circumstances:

(1) the first decision was clearly erroneous;

(2) an intervening change in the law has occurred;

(3) the evidence on remand is substantially different;

(4) other changed circumstances exist;

(5) a manifest injustice would otherwise result.

*Milgard*, 902 F.2d at 715; *United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir.1991); *United States v. Estrada–Lucas*, 651 F.2d 1261, 1263–65 (9th Cir.1980). None of the requisite conditions exists here. Hence, the district court's failure to apply the doctrine of law of the case constitutes an abuse of discretion. Since our prior determination that Thomas' action was non-frivolous is binding on the district court, its award of attorneys' fees to defendants, which would be authorized under 42 U.S.C.

§ 1988 only if the action were frivolous, is in error.[4]

REVERSED.

NOONAN, Circuit Judge, dissenting:

Thomas, the appellant, was convicted of ten felonies arising out of skimming at the Tropicana Hotel and Casino. See *United States v. DeLuna*, 763 F.2d 897 (8th Cir.), *cert. denied*, 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). In our previous decision in this case we described him as "the ringleader, who induced, instigated, and supervised his codefendants on how to skillfully skim from the casinos." *Thomas v. Bible*, unpublished disposition, 896 F.2d 555 (9th Cir.1990), affirming 694 F.Supp. 750 (D.Nev.1988). Following our affirmance of summary judgment against Thomas, the district court awarded attorney's fees to the Nevada Gaming Commission and the individuals that Thomas had sued.

The majority now holds that "the law of the case" prohibited the award of attorney's fees in the district court because in the previous appeal we denied fees on appeal saying "[A]ttorney's fees will be awarded if an appeal is entirely frivolous. Thomas's appeal is not frivolous." The majority concedes that there may be appeals that are not frivolous even though the underlying action is frivolous, but concludes that in this case the merits of the appeal were intertwined with the merits of the action, so that a decision that the appeal was not frivolous was a decision that the action was not frivolous. However, our characterization of the appeal as not frivolous was functionally equivalent to a discretionary decision not to award attorney's fees. The exercise of this discretion by us cannot establish "the law of the case" for the exercise of discretion by the district court.

Moreover, the standard for the award of fees against a § 1983 plaintiff has been laid down with clarity in *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), adopting the standard set in

---

**4.** Our resolution of the appeal on these grounds makes it unnecessary to consider Thomas' alter-
native contentions.

*Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). As stated in *Christiansburg,* "In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. at 700.

The standard set by the Court is in the disjunctive. We err in blithely assuming that the Court engaged in rhetorical surplusage or stuttered saying in five words what required only one. The ordinary rules of construction require that alternatives put in the disjunctive should not be collapsed into a single standard. *Azure v. Morton,* 514 F.2d 897, 900 (9th Cir.1975) ("the use of a disjunctive in a statute indicates alternatives and requires that they be treated separately").

The Court itself refers to the three distinct standards as "these criteria." *Christiansburg,* 434 U.S. at 421, 98 S.Ct. at 700. The Court later cautions against automatically labeling an unsuccessful plaintiff's claim as "unreasonable or without foundation." *Id.* The Court upholds the district court's finding that the defendant's action "cannot be characterized as unreasonable or meritless." *Id.* In short, the Court gives three distinct bases on which attorney's fees may be awarded. The majority's decision in the present case goes squarely against the criteria authoritatively set down.

The district court did not make express findings of fact as to why it considered Thomas's case unreasonable or without foundation. A reading of its grant of summary judgment would convince most unbiased persons that one or another such finding was amply justified. This ringleader of the skimmers had been kicked out of gambling in Nevada. Inferentially, he was mad and wanted to harass the officials who had enforced the law against him. He brought an action that all agree was meritless. Nonetheless, to remove all doubt it would be appropriate to follow what we have laid down for a case where such findings are

not made and the record is not completely obvious as to the reason for the fee award, and remand to the district court to "make findings of fact and conclusions of law supporting its decision so that there is a basis for appellate review." *Patton v. County of Kings,* 857 F.2d 1379, 1381 (9th Cir.1988).

Elementary respect for the district court calls for such a remand. It is difficult to understand why the present majority is unwilling to follow the standards set by the Supreme Court and the supplementary rule laid down by our court.