131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. SHELSTAD; Charles E. MINSHEW; Keith A. WATSON,
Plaintiffs--Appellants,
v.
WEST ONE BANK, fka THE IDAHO FIRST NATIONAL BANK, a national
banking association; WEST ONE BANCORP, fka MOORE FINANCIAL
GROUP, INC.; JAMES STEWART; THOMAS F. RIPKE; HARRY
BETTIS; DALE BLICKENSTAFF; GORDON J. BROOKOVER; WILLIAM
S. CAMPBELL; THOMAS C. FRYE; JANET S. HAY; KENLON P.
JOHNSON; JAMES S. KINNEY; JACK B. LITTLE; DANIEL R.
NELSON; ALLEN T. NOBLE; PHILIP B. SOULEN; DOUGLAS H. RAE;
NORMAN J. SCHOONOVER; RICHARD A. SYMMS; WILLIAM J. DEASY;
FRED C. HUMPHREYS; ROBERT J. LANE; EDWARD A. CONFORTI,
Defendants--Appellees.
 No. 96-35987, 97-35415.
 United States Court of Appeals, Ninth Circuit.
 Dec. 04, 1997.
 
 Appeal from the United States District Court for the District of Idaho
 B. Lynn Winmill, District Judge, Presiding
 Before: FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER,** Senior District Judge.
 MEMORANDUM*
 Plaintiffs John L. Shelstad, Charles E. Minshew and Keith A. Watson (collectively "Shelstad") brought this action against defendants West One Bank (Idaho) and its associated entities (collectively "the Bank") in Idaho state court alleging RICO violations and various state torts in connection with financing agreements between the parties. The Bank removed the action to the district court where it was assigned to Judge Edward J. Lodge. Shelstad's motion to remand was denied. The Bank then moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss certain claims and Judge Lodge granted the motion. Thereafter, the Bank moved to dismiss the remaining claims.
 While this second motion to dismiss was pending, at a conference in chambers on February 1, 1993, Shelstad first raised the issue of possible recusal of Judge Lodge and sought discovery from the judge's relatives in order to determine whether he should recuse himself under 28 U.S.C. § 455. Judge Lodge granted the motion and depositions were taken. Shelstad sought no further discovery at that time. Judge Lodge dismissed Shelstad's remaining claims on November 2, 1993. Three days after his ruling (and over nine months after Shelstad first raised the issue of possible recusal), Shelstad moved to disqualify Judge Lodge, alleging ties between the judge's relatives and the Bank. Judge Lodge denied the motion and entered judgment dismissing Shelstad's claims on the merits and awarding attorneys' fees and costs in the amount of $150,397.40.
 Shelstad appealed. After conducting a de novo review, this court affirmed the denial of the motion to remand and the dismissal of the claims on the merits. The court also affirmed Judge Lodge's refusal to recuse himself with respect to these orders because the recusal motion had been untimely. The court held, however, that the judge had abused his discretion in not recusing himself from further proceedings, i.e., the motion for attorney's fees, heard after the recusal motion was filed. The court vacated the attorneys' fees order and remanded that issue to a different judge.
 On remand, Shelstad moved to recuse newly-assigned District Judge B. Lynn Winmill who denied that motion. Shelstad then moved under Federal Rule of Civil Procedure 60(b)(6) "for relief from prior orders of the court, and for ancillary relief," claiming that additional evidence existed regarding Judge Lodge's connections to the Bank. The court denied the motion, finding Judge Lodge's failure to recuse himself from his rulings to be harmless error because the court of appeals had affirmed those rulings after de novo review. Further, the court ruled that any additional evidence of grounds for recusal cannot justify reexamination of the substantive legal issues that had been resolved.
 DISCUSSION
 The district court had jurisdiction under 28 U.S.C. § 1331. This court has jurisdiction under 28 U.S.C. § 1291. See Stone v. INS, 514 U.S. 386, 401 (1995) (appeal from denial of Rule 60(b)(6) motion); Liljeberg v. Health Servs. Acquisitions Corp., 486 U.S. 847 (1988) (same).
 A. Denial of the Rule 60(b)(6) Motion
 Shelstad's argument is based on the single proposition that "Judge Lodge was required to recuse himself ab initio." Appellants' Opening Brief at 12. The problem with Shelstad's contention is that it was squarely decided against him by this court on his first appeal. The court held specifically that "[t]he [district] court did not abuse its discretion in finding the motion untimely and denying relief from its prior orders dismissing the claims. "
 "Under the law of the case doctrine a decision of the court in a prior appeal must be followed in all subsequent proceedings in the same case." Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir.1989); see Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1497 (9th Cir.1995) ("When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court."). Shelstad seeks to bring himself within exceptions to the law of the case doctrine. But Health Services Acquisition Corp. v. Liljeberg, 796 F.2d 796 (5th Cir.1986), aff'd 486 U.S. 847 (1988), on which he relies, is not on point. There the court of appeals ordered a vacatur and remanded for further proceedings under 28 U.S.C. § 455. See Liljeberg, 796 F.2d at 803. In Thomas v. Bible, 983 F.2d 152 (9th Cir.1993), also cited by Shelstad, this court noted that "[w]hile courts have some discretion not to apply the doctrine of law of the case, that discretion is limited." 983 F.2d at 155 (citations omitted). None of the factors cited by the court in Thomas apply here: the first decision was not clearly erroneous, no intervening change in law occurred, the evidence is not substantially different from that reviewed by the prior panel, no changed circumstances exist, and Shelstad has not shown that manifest injustice would otherwise result.[1] See id.
 
 
 1
 Moreover, this court reviews a denial of a Rule 60(b) motion for abuse of discretion. Maraziti v. Thorpe, 52 F.3d 252, 253 (9th Cir.1995). Relief from final judgment under Rule 60(b)(6) is available to parties "upon terms as are just." Fed.R.Civ.P. 60(b)(6). And relief is "warranted only if 'extraordinary circumstances' exist." Maraziti, 52 F.3d at 254 (citing Ackermann v. United States, 340 U.S. 193, 199-201 (1950)). Shelstad has not shown the existence of "extraordinary circumstances" here. Cf. Liljeberg, 486 U.S. at 863 (finding extraordinary circumstances when the risk of injustice to parties, the risk that denial will produce injustice in other cases and the risk of undermining the public's confidence in judicial process were high). He offers no significant new evidence bearing on the relationship between Judge Lodge and relatives associated with the Bank.[2] The district court did not abuse its discretion in denying Shelstad's Rule 60(b)(6) motion.
 
 B. Denial of Discovery
 
 2
 Denial of a motion for discovery is reviewed for abuse of discretion. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). In light of the foregoing discussion, the district court did not abuse its discretion in refusing Shelstad's request for further discovery. Shelstad had been permitted full discovery into Judge Lodge's connections with the Bank in February 1993. Judge Lodge was disqualified from the case. Even if further evidence connecting the Judge and the Bank is uncovered, it would not affect our prior decision to affirm the dismissals, because Shelstad's motion was untimely, and to refuse to amend the mandate.
 
 C. Award of Attorneys' Fees
 
 3
 Shelstad took a separate appeal from the order awarding attorneys' fees and the two appeal were consolidated. The award of attorneys' fees is reviewed fro abuse of discretion. Odima, 53 F.3d at 1498. In the Notice of Appeal, Shelstad simply asserted that the award was "excessive in light of the facts and circumstances of the case." No facts have been offered to show that the award was unreasonable or excessive. The district court's order set forth the relevant factors, considered the magnitude of the Bank's exposure in light of a prior law suit, and disallowed certain redundant fees. In the absence of any showing to the contrary,[3] we find no abuse of discretion.
 
 
 4
 The judgment is AFFIRMED. Appellees shall recover attorneys' fees and costs. Fed. R.App. P. 38; 9th Cir. R. 39-1.6.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Shelstad does not attack our pivotal ruling in the prior appeal that the recusal motion was untimely filed
 
 
 [2]
 What Shelstad describes as new evidence in the Rule 60(b)(6) motion was cited to the previous panel in a motion to recall or amend the mandate. That evidence includes a reference to Judge Lodge being a partner in a partnership that maintains an account at the Bank, to a real estate transaction between the judge's wife and the Bank, and to the transfer of a security interest in a grape corp from the Bank to the judge's wife. The panel denied the motion to recall or amend the mandate
 
 
 [3]
 Shelstad has not briefed the issue