Herbert GULLIFORD, Plaintiff–
Appellant,

v.

Paul THRASH, Defendant–Appellee.

No. 00–35005.
D.C. No. CV–94–05658–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2000.

Decided April 25, 2001.

Before B. FLETCHER and FISHER, Circuit Judges, and SCHWARZER,* Senior District Judge.

MEMORANDUM **

Herbert Gulliford appeals from an adverse verdict in his § 1983 action against Pierce County and various law enforcement officers. Gulliford claimed that his arrest by the deputy sheriffs violated his Fourth Amendment rights. On a prior

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

appeal, we affirmed a defense verdict on his excessive force claim. However, we remanded because the court's instruction had permitted the jury to find probable cause to arrest on the basis of words that we held as a matter of law did not constitute fighting words. *See Gulliford v. Pierce County,* 136 F.3d 1345 (9th Cir. 1998) *(Gulliford I)* (stating the relevant facts). At the conclusion of the second trial, the jury again returned a verdict for the defendants. Gulliford's motion for a directed verdict was denied.

■ Gulliford contends that Instruction No. 16 permitted the jury to find that his statements to the deputies were fighting words and therefore not protected by the First Amendment. *Gulliford I* held that the words spoken by him as a matter of law were not fighting words. 136 F.3d at 1350. "[I]f a jury instruction is erroneous, we will reverse the judgment unless the error is more probably than not harmless." *Id.* (quoting *Chuman v. Wright,* 76 F.3d 292, 294 (9th Cir.1996)). Because the jury may have based its verdict on Gulliford's words alone, as Instruction No. 16 permitted, we cannot say that the error was more probably than not harmless and will reverse. *See Chuman,* 76 F.3d at 295.

■ Gulliford further contends that the court erred in formulating Instruction No. 10, which allowed the jury to find probable cause to arrest Gulliford for failure to disperse, an offense under WASH. REV.CODE § 9A.84.020. At the first trial, the district court instructed the jury that they should determine whether Thrash had probable cause to arrest for obstructing, and they "should not consider whether there was probable cause to arrest for other crimes."

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Gulliford argues that under the law of the case doctrine, the district court at the second trial should not have allowed the jury to find probable cause based on crimes other than obstructing.

 A district court's decision whether to apply the law of the case doctrine is reviewed for abuse of discretion. *See Rebel Oil Co. v. Atlantic Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir.1998). Generally, the law of the case doctrine precludes the reconsideration of issues already decided by an appellate court. *See United States v. Hughes Aircraft Co.*, 243 F.3d 1181, 2001 WL 277805 (9th Cir.2001). It has also been used as a rule of comity for decisions made by trial courts. *See United States v. Estrada–Lucas*, 651 F.2d 1261, 1264–1265 (9th Cir.1980). Absent the exceptions noted in *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.1993),[1] the second trial judge's failure to follow the law of the case constitutes an abuse of discretion. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir.1997). Thrash does not justify the change in instructions by alleging any of these exceptions. We therefore find that the district judge in the second trial abused his discretion by formulating jury instructions in violation of the law of the case.

Thrash claims that the first district court's instruction incorporated failure to disperse. In other words, Thrash argues the jury in the first trial could have found that Gulliford committed the crime of obstruction by committing the failure to disperse crime. In reviewing the trial transcript, however, we find no indication that the district judge incorporated the failure to disperse crime in the instruction. While Thrash did ask for separate instructions on

failure to disperse and other crimes, the district judge responded that such instructions would be counterproductive and a smoke screen for the real issues in the case. It follows from our determination that the district court at the second trial violated the law of the case, and that a properly instructed jury should have been restricted to finding probable cause based only on obstruction.

██ To determine whether Gulliford was entitled to a directed verdict, we must decide whether a jury could reasonably find that Thrash had probable cause to arrest Gulliford for obstruction. Thrash argues that Gulliford committed the obstruction offense by speaking words constituting an incitement to riot, an incitement to breach the peace, and a threat.

 As to incitement to riot, it is a separate offense, not a theory of obstruction. It is properly charged under WASH. REV. CODE § 9A.84.010: "A person is guilty of the crime of riot if, acting with three or more other persons, he knowingly and unlawfully uses or threatens to use force, or in any way participates in the use of such force, against any other person or against property." There is no evidence that Gulliford used or threatened to use force or participated in the use of force. As to incitement to breach the peace, it is the essence of "fighting words." *See R.A.V. v. City of St. Paul, Minnesota*, 505 U.S. 377, 413, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) (White, J., concurring) (quoting *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942): "by their very utterance, [fighting words] inflict injury or tend to incite an immediate breach of the peace."). *Gulliford I* holds that as a matter of law, Gulli-

---

**1.** A district court is not bound by a prior district court decision in the case where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result."

ford's words did not constitute fighting words. 136 F.3d at 1350. Hence, no reasonable and properly instructed jury could determine that Gulliford's words constituted an incitement to breach the peace as a theory of obstruction.

■ Finally, as to threats, Thrash presented no evidence that Gulliford's words were threats constituting the obstruction crime. To fall outside of First Amendment protection, a statement must be a "true threat," meaning that "a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." *See Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 372 (9th Cir. 1996) (quoting *United States v. Orozco–Santillan*, 903 F.2d 1262 (9th Cir.1990)). Thrash offers only Gulliford's words: "Then why don't you hop on the ferry, hop on the ferry and go back." Even viewing the words in their relevant context, no reasonable jury could find these words to be a true threat.

Because the jury could not return a verdict on the basis of Gulliford's words, and defendants have presented no viable basis to support a finding of probable cause to arrest Gulliford, the motion for directed verdict should have been granted.

Accordingly, we REVERSE the judgment and REMAND for trial on damages.

REVERSED AND REMANDED.

FISHER, Circuit Judge, dissenting.

I respectfully dissent from the majority's holding that Jury Instruction No. 10, on failure to disperse, violated the law of the case and was an abuse of discretion.

The district court, in Gulliford's first trial, never ruled that the jury could not

consider failure to disperse as a ground for probable cause to arrest. To the contrary, the court stated that there was a material issue of fact regarding whether Thrash had probable cause to arrest Gulliford based on failure to disperse and allowed both lay and expert testimony on the issue of failure to disperse. Instead of specifically instructing the jury on failure to disperse, however, the court provided only a more general obstruction instruction.[1] When Deputy Thrash requested a specific jury instruction on failure to disperse, the court indicated that failure to disperse was arguable under the more general obstruction instruction, stating: "Almost all of the theories that have been discussed this morning in this brief discussion are in these jury instructions. I have put them in different ways, obviously, than counsel suggested, but a great deal of what you have urged here by way of exception is entirely arguable under the jury instructions." Thus, although the court did not give a specific failure to disperse instruction in the first trial, the jury was permitted to consider failure to disperse as a means of committing obstruction. I do not agree with the majority's assertion that the district court was referring to failure to disperse when he remarked about instructions that would have been counterproductive or a smokescreen.

Given that the court, in the first trial, allowed the jury to consider failure to disperse under the obstruction instruction, the law of the case did not prevent the court, in the second trial, from instructing the jury on failure to disperse. Accordingly, its decision to give such an instruction did not constitute an abuse of discretion.

Although probable cause to arrest could properly have been found based on Gulliford's failure to disperse, I agree that In-

---

1. The obstruction instruction, in the first trial, read: "A person commits a crime of obstructing a public servant when he knowingly hinders, delays, or obstructs any public servant in the discharge of the public servant's official powers or duties."

struction Number 16 improperly allowed the jury to find probable cause to arrested based on words that did not, as a matter of law, constitute fighting words. I would therefore remand the case for consideration before a properly instructed jury.