Eugene **EHRENSAFT**, Plaintiff—Appellant,

v.

**DIMENSION WORKS INCORPORATED LONG TERM DISABILITY PLAN, Defendant—Appellee.**

No. 02–17394.

D.C. No. CV–S–98–1712–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Aug. 29, 2003.

Richard H. Rosenthal, Carmel, CA, Lynde Selden, II, Sullivan, Hill, Lewin, Rez & Engel, Las Vegas, NV, for Plaintiff–Appellant.

James F. Pico, Las Vegas, NV, Christopher P. Staring, Esq., Fennemore Craig, Tucson, AZ, Amy Abdo, Fennemore & Craig, Phoenix, AZ, for Defendant–Appellee.

Before REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM**

Eugene Ehrensaft ("Ehrensaft") challenged the denial by Dimension Works Inc. Long Term Disability Plan (the "Plan") of his claim for continued long-term disability benefits pursuant to an ERISA group insurance policy. We affirm the district court's grant of summary judgment in the Plan's favor.

In an earlier appeal (No. 01–15062), a different panel of this court issued an April 29, 2002 memorandum disposition (2002 WL 770611, 33 Fed.Appx. 908) that first identified the appropriate standard of review in these terms (*id.* at *1):

> The district court properly chose to review Standard's benefit determination for an abuse of discretion.

After a discussion of Ehrensaft's contentions to the contrary, the panel reconfirmed that standard (*id.*):

> We therefore affirm the district court's application of abuse of discretion rather than *de novo* review.

Although the panel applied that standard to uphold the district court's resolution on the merits, it ordered a single-issue remand (*id.*):

> We remand to the district court for application of the treating physician rule in light of *Regula v. Delta Family–Care Plan,* 266 F.3d 1130 (9th Cir.2001), but otherwise affirm the district court's application of an abuse of discretion standard to review the plan administrator's denial of benefits.

Despite the restricted nature of that remand, Ehrensaft has invited the district court, and now this court, to explore other substantive issues. But it is familiar doctrine that, as *In re Beverly Hills Bancorp,* 752 F.2d 1334, 1337 (9th Cir.1984) has put it:

> On remand, a trial court may not deviate from the mandate of an appellate court. As we have stated earlier, "[w]hen a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *First v. United States,* 554 F.2d 990, 993 (9th Cir.1977).

Accord, such cases as *Odima v. Westin Tucson Hotel,* 53 F.3d 1484, 1497 (9th Cir. 1995):

> When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court.

And the equally familiar impact of law of the case principles is this (*Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.1993)):

---

* The Honorable Milton I. Shadur, Senior United States District Judge, Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.

Here the underpinning of the sole issue for which remand was ordered has been removed by the recent decision in *Black & Decker Disability Plan v. Nord,* —— U.S. ——, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003), which abrogated *Regula* by holding that ERISA does not require plan administrators to accord special deference to the opinions of treating physicians. Accordingly the only remand issue has been disposed of, and we reject Ehrensaft's other contentions (including his proposed substitution of de novo review for the already-decided abuse of discretion standard) for the reasons stated in the preceding paragraph.

AFFIRMED.