UNITED STATES of America, Plaintiff—Appellee,

v.

Ronald SAMPSON, Defendant— Appellant.

No. 02–50630.

D.C. No. CR–00–00371–HLH–01A.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Jan. 9, 2004.

---

Alka Sagar, Ronald L. Cheng, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Maria E. Stratton, Callie Glanton Steele, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

MEMORANDUM**

Ronald Sampson ("Sampson") appeals an order of restitution entered by the United States District Court for the Central District of California in a case in which Sampson pled guilty to income tax evasion in violation of 26 U.S.C. § 7201. Sampson challenges the legality of the order, which he argues was not authorized by either the Victim and Witness Protection Act, 18 U.S.C. § 3363 *et seq.*, or the written plea agreement into which he entered with the government. Alternatively, he argues that the district court erred in entering the order because the record does not show that the court considered his ability to pay, and that the order violates due process because the government did not provide him with the underlying tax documents it used in determining his unreported income for the tax year in question. We affirm.

■ This is the second restitution order entered in this case. In *United States v.*

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Sampson,* 2002 WL 1042102 (9th Cir. May 23, 2002) (*"Sampson I"*), we vacated the first restitution order, finding that the district court erred in ordering that the restitution amount be determined jointly by the Internal Revenue Service (the "IRS") and Sampson. Although Sampson argued in *Sampson I* that the plea agreement did not authorize restitution as to his tax liability, we held that the district court itself should have determined the actual amount of restitution and remanded the case "for the limited purpose of correcting the award of restitution." *Id.* Because *Sampson I* implicitly affirmed the legality of ordering restitution as to Sampson's tax liability, *see Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.1993), and because none of the three exceptions to the law of the case doctrine apply here, *see Old Person v. Brown,* 312 F.3d 1036, 1039 (9th Cir.2002), the law of the case doctrine prohibits us from reconsidering that issue a second time.

A restitution order that is legal is reviewed for abuse of discretion. *United States v. Stoddard,* 150 F.3d 1140, 1147 (9th Cir.1998). While a district court abuses its discretion if it fails to consider a defendant's ability to pay, the court need not make formal findings in this regard; rather, the record need only "reflect that the district judge had at his disposal information bearing on" the statutorily enumerated considerations. *United States v. Smith,* 944 F.2d 618, 623 (9th Cir.1991) (quoting *United States v. Cannizzaro,* 871 F.2d 809, 810 (9th Cir.1989)). Those conditions include the amount of loss sustained by each victim as a result of the offense as well as the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other facts as the court deems appropriate. *See* 18 U.S.C. § 3663(a)(1)(b)(I).

■ The issue of Sampson's ability to pay restitution was raised and briefed at re-sentencing. *See Ronald Wayne Sampson's Opposition to the Government's Position Re: Amount of Restitution Defendant Should Be Ordered to Pay at Sentencing,* Appellant's Excerpt of Record ("AER") at 42. The district court acknowledged that it had reviewed Sampson's brief, and opined that "this is a case where there does need to be a restitution fixed." AER at 81. The government's failure to present evidence to contradict Sampson's evidence of financial hardship is irrelevant, because a district court is not prohibited from imposing restitution upon a defendant who is indigent at the time of sentencing. *Smith,* 944 F.2d at 623. Because the record shows that the district court considered Sampson's ability to pay, the court did not abuse its discretion in ordering restitution.

■ Finally, Sampson argues that the restitution order violates due process because the government refused to permit Sampson to inspect and examine the documentation it used to calculate his tax liability prior to the re-sentencing hearing. Although he does not articulate it as such, Sampson essentially alleges a due process violation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), based on the government's failure to turn over documents material to the issue of his punishment. *See, e.g., United States v. Kennedy,* 890 F.2d 1056, 1058 (9th Cir.1989). Although the government has a duty to disclose material evidence, we will not find a breach of that duty unless "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.*

As the government points out, Sampson actually pleaded guilty to having failed to report $117,691 of taxable income. *See Information,* AER at 2. Furthermore, the

tax worksheets submitted by the government at re-sentencing were supported by the declaration of the IRS agent who prepared them, *see Declaration of Jane Liang*, AER at 26–28, and Sampson failed to present any affirmative evidence whatsoever contesting the government's computation of his tax liability. Sampson's speculative assertion that he "might be" entitled to deductions based on the underlying documents is insufficient to make out a *Brady* violation.[1] Because Sampson has utterly failed to show that the calculation of unreported income would have been different had the documents been provided to him, his due process claim is meritless. **AFFIRMED.**

---

1. Indeed, Sampson has never established that the documents were not destroyed pursuant to IRS policy. The government initially told Sampson's counsel that the documents "may not be available" and later told her that it "[doesn't] know where they are." *See* AER at 86. The bare assertion that the documents *might* exist is insufficient to establish materiality under *Brady*. *See United States v. Endicott*, 803 F.2d 506, 514 (9th Cir.1986).

