**Marie L. SOWDER, Executrix of the Estate of Tony R. Sowder, deceased; Tony R. Sowder, Deceased, Plaintiffs—Appellees,**

v.

**UNITED STATES of America, Defendant—Appellant.**

No. 06–35151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Oct. 18, 2007.

James J. Workland, Esq., Gary C. Randall, Esq., Workland & Witherspoon, PLLC, Spokane, WA, for Plaintiffs–Appellees.

Jonathan S. Cohen, Esq., Ellen P. Delsole, Jeffrey S. Swyers, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Defendant–Appellant.

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Before: B. FLETCHER and GOULD, Circuit Judges, and LARSON *, District Judge.

## MEMORANDUM **

The United States government appeals the district court's determination that Tony R. Sowder's estate ("the estate") qualifies for the marital deduction under Section 2056(a) of the Internal Revenue Code (26 U.S.C.). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

The district court did not err in holding that Mr. Sowder's estate qualifies for the marital deduction based on the law of the case. Our holding and remand in a prior appeal indicated that extrinsic evidence of Mr. Sowder's testamentary intent is dispositive. The district court also did not err in holding that Mr. Sowder intended to create a marital deduction.

In the previous appeal the government challenged the district court's grant of summary judgment in favor of the estate. The government argued, among other things, that we should not rely on extrinsic evidence to affirm the grant of summary judgment without first remanding to allow the government to conduct discovery necessary to rebut the estate's evidence. The government also argued that federal estate tax law preempted the Washington statutes on which the district court had relied.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

In a memorandum disposition, we reversed and remanded, directing the district court "to permit the government to conduct discovery and to make a factual finding of the testator's intent." *Sowder v. United States,* 107 Fed.Appx. 95 (9th Cir.2004)("*Sowder I*").[2]

As we explained in *Minidoka Irrigation Dist. v. Dep't of Interior,* "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." 406 F.3d 567, 573 (9th Cir.2005) (quoting *Old Person v. Brown,* 312 F.3d 1036, 1039 (9th Cir.2002)). The rule is subject to three exceptions that may arise: if the decision is clearly erroneous and enforcement would cause manifest injustice; if intervening controlling authority makes reconsideration appropriate; or if substantially different evidence was adduced at a later trial. *Id.*

To constitute law of the case, an issue must have been previously decided either explicitly or by necessary implication by the same court or a higher court in the identical case. *See, e.g., Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.1993). The estate argues that the prior remand necessarily decided that federal law does not preempt the Washington savings statutes, including the statute that the prior panel explicitly cited. The government, by contrast, argues that law of the case does not apply because we did not hold that intent of the testator is dispositive; plausibly the prior panel may have been exercising its discretion to avoid the constitutional issue of federal preemption by seeking a possible resolution on factual grounds first. Alternatively, the government urges this panel to exercise its discretion to disregard the law of the case. We reject the government's arguments.

■ We conclude that the prior panel's remand necessarily decided that Mr. Sowder's intent was dispositive and that it was proper to look to extrinsic evidence to determine that intent. If intent were not dispositive, a remand to review extrinsic evidence to determine intent would have been inappropriate. We are not persuaded that the prior panel of our court, in the circumstances of this case,[3] would have remanded for discovery and further judicial proceedings unless intent was dispositive. In the absence of some indication that intent was not dispositive and that it was remanding for a potentially fruitless endeavor, and in light of the concerns expressed by the prior panel at oral argument, we hold that, in the circumstances here, the prior panel's remand necessarily decided that Mr. Sowder's intent was dispositive. Its decision therefore constitutes the law of the case and the district court's determination of intent would be conclusive.

We note that none of the three exceptions to the law of the case apply here. First, the prior decision that the testator's intent is dispositive on whether the will

---

**2.** In the process, the panel cited one of the Washington savings statutes, namely R.C.W. § 11.108.010(4). *Id.*

**3.** At oral argument on this appeal, the government proposed that in the prior appeal argument, there might have been concern that the issue of preemption might be avoided by a determination of intent. We have reviewed the oral argument in *Sowder I* for a discussion of the preemption issue. In its *Sowder I* oral argument, the government never expressly suggested that the remand on intent might permit the court to avoid reaching preemption, and none of the comments or queries from the active panel hearing the appeal indicated that it was thinking along those lines. Instead, it appeared that the panel thought that intent was dispositive and that the government should be permitted discovery before it was determined.

effectuated a marital deduction is not clearly erroneous, and moreover, there is no manifest injustice in recognizing the deduction following the trial establishing testator's intent. Second, no intervening controlling authority contravenes the prior implicit decision. Third, although more evidence was adduced at trial, it only confirmed that the district court's prior decision on testator's intent was correct, and that the evidence adduced on remand gives no ground to disregard the prior decision.

 Finally, the district court did not commit clear error when it found that Mr. Sowder intended the contested gift to his wife to qualify for the marital deduction. Indeed, not only does the record provide ample support for this conclusion, but Mr. Sowder's intent is no longer in dispute.[4]

**AFFIRMED.**

4. The government at oral argument conceded that Mr. Sowder intended to establish a marital deduction for his wife, but argued that the language of the will unambiguously precludes the exemption as a matter of law.