**NOT FOR PUBLICATION**

FILED

AUG 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30246 |
| Plaintiff-Appellee, | D.C. No. CR-4-00002-RRB |
| v. | MEMORANDUM[*] |
| BECKY NADINE HUNTER, AKA Rebekah A. Hunter, AKA Rebecca A. Hunter, AKA Ann R. Hunter, AKA Rebekah A. Smith, AKA Becky Nadine Smith, AKA Rebekah Nadine Carden, AKA Rebekah Nadine Smith, AKA Rebecca A. Bennett, AKA Rebekah An nadine Bennett Hunter, AKA Rebekah Ann Hunter, AKA Rebekah Nadine Pratt, AKA Rebecca Smith, Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted March 9, 2010
Seattle, Washington

---

[*] This disposition is not appropriate for publication and may not be cited to or by the Courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

Before: FISHER and BERZON, Circuit Judges, and SNOW, District Judge.[**]

Defendant-Appellant Becky Nadine Hunter ("Hunter") appeals her ninety-six month term of imprisonment and various restitution awards. Hunter was convicted on twenty-two counts, all resulting from misrepresentation of herself in various personal and business matters to obtain financial advantage. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.[1]

## DISCUSSION

### I. Loss Calculation

Hunter first challenges the district court's calculation of the amount of intended loss resulting from her fraudulent schemes. Her challenge is barred by the law of the case doctrine. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). In her previous appeal, this court expressly affirmed the intended loss amount because Hunter "failed . . . to provide evidence of any pledged collateral." *United States v. Hunter*, 286 F. App'x 482, 483 (9th Cir. 2008). No exception to the law of the case doctrine applies here. *See Thomas v. Bible*, 983 F.2d 152, 155

---

[**] The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

[1] In a concurrently filed opinion, we address the other issue Hunter raised on appeal.

(9th Cir. 1993), *cert. denied*, 508 U.S. 951 (1993).

## II.     Guideline Enhancements

We also reject Hunter's argument that the district court incorrectly enhanced her sentence. The enhancement for misrepresentation in bankruptcy, United States Sentencing Guidelines ("U.S.S.G.") § 2F1.1(b)(4)(B) (2000), was proper. Hunter's total sentence was greater than the sixty-month statutory maximum for a single count of bankruptcy fraud. Several of Hunter's other crimes, however, which were grouped together with the bankruptcy fraud, carry maximum penalties that far exceed the ninety-six month prison term Hunter received. Grouping was appropriate because Hunter's "offense behavior" was "ongoing or continuous in nature" and because the Guidelines specifically note that grouping is appropriate for all offenses that fall under U.S.S.G. § 2B1.1, as do the present offenses. *See* U.S.S.G. § 3D1.2(d). Inasmuch as Hunter's offenses have been grouped, "the offense level applicable to [the group] is the offense level corresponding to the aggregated quantity, determined in accordance with" U.S.S.G. § 2F1.1; *see* U.S.S.G. § 3D1.3(b).

Hunter's enhancements for sophisticated means, U.S.S.G. § 2F1.1(b)(6)(B), more than minimal planning, § 2F1.1(b)(2)(A), and use of a means of identification, § 2F1.1(b)(5)(C), do not constitute impermissible "double

3

counting." These enhancements were necessary to reflect the full extent of Hunter's wrongfulness. *See United States v. Thornton*, 511 F.3d 1221, 1227–28 (9th Cir. 2008). The enhancement for using a means of identification applies because it is possible to be sentenced for using a means of identification without having engaged in more than minimal planning or sophisticated means. *See id.*; *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993). Similarly, both two-level enhancements for more than minimal planning and for sophisticated means were proper because acting with sophisticated means, by definition, constitutes something in addition to merely acting with more than minimal planning. *See United States v. Garro*, 517 F.3d 1163, 1169-70 (9th Cir. 2008).

## III. Reasonableness

Given the facts of this case and the sentencing factors set forth in 18 U.S.C. § 3553(a), Hunter's sentence was both procedurally and substantively reasonable.

A district court commits procedural error when it miscalculates or fails to calculate the Guidelines range; treats the Guidelines as mandatory instead of advisory; fails to consider the § 3553(a) factors; chooses a sentence based on clearly erroneous facts; or inadequately explains the sentence selected. *United States v. Ressam*, 593 F.3d 1095, 1116 (9th Cir. 2010) (citing *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)). The district court committed

none of these procedural errors when it imposed a ninety-six month sentence.

Hunter's sentence was also substantively reasonable under § 3553(a). The district court provided an adequate explanation, consistent with the § 3553(a) factors, for rejecting Hunter's request for a variance based on her mental health as other individuals with bipolar disease are able to conform their conduct to society's norms. *See* 18 U.S.C. § 3553(a)(2); *Ressam*, 593 F.3d at 1120.

We also reject Hunter's argument that her sentence was substantively unreasonable under § 3553(a)(6) because a similarly situated defendant received a lower sentence. "The mere fact" that Hunter points to another "defendant convicted at a different time of a different fraud and sentenced to a term of imprisonment shorter than [hers] does not create an 'unwarranted' sentencing disparity." *See United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010). Moreover, because the district court "correctly calculated and carefully reviewed the Guidelines range, [it] necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *See Gall v. United States*, 552 U.S. 38, 54 (2007).

## IV.    Restitution

Finally, we address Hunter's argument that the district court lacked a factual and legal basis for restitution under the Mandatory Victims Restitution Act ("MVRA") for ordering restitution to the United States Army Corps of Engineers,

5

Martha Johnson, and J. Middleton. Because the basis for the district court's restitution order in favor of Johnson and Middleton is unclear from the record, we remand for additional factual findings on that issue.

### A.    Restitution to the U.S. Army Corps

We affirm the district court's restitution order to the U.S. Army Corps. The record clearly establishes that Hunter never performed any work for the Corps; instead, she immediately feigned illness to receive wages and donated leave. The U.S. Army Corps was therefore harmed in the full amount paid to Hunter, $10,086. *See United States v. Peterson*, 538 F.3d 1064, 1077–78 (9th Cir. 2008).

### B.    Restitution to Johnson and Middleton

It is unclear, however, whether the record supports the restitution order in favor of Johnson and Middleton. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). The conduct for which Hunter was convicted was not the false statements to Johnson and Middleton. Rather, she was convicted for making false statements to the United States Department of Agriculture ("USDA") in her loan application in violation of 18 U.S.C. § 1014. *See United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 927 (2001) (permitting restitution under the MVRA only when a person suffers a loss that flows "directly" from the "specific conduct that is the basis of the offense of conviction") (internal quotations omitted). While

Johnson and Middleton were likely harmed when the USDA denied Hunter's loan application, the only testimony in the record indicates that the USDA did not deny the loan application due to Hunter's fraud, but because she lacked sufficient equity and capital. *See* Trial Tr., Vol. 2 at 133, 162–167. If the loan was denied for reasons unrelated to Hunter's false statements, the causal link between Hunter's violation of 18 U.S.C. § 1014 and the harm suffered by Johnson and Middleton may have been severed. *See United States v. Andrews*, 600 F.3d 1167, 1171 (9th Cir. 2010) ("[A] restitution order must be based on losses directly resulting from the defendant's criminal conduct.") (internal quotations omitted); *United States v. Meksian*, 170 F.3d 1260, 1263 (9th Cir. 1999) (holding "contaminated nature of the loan property" caused the alleged victim's loss, not the defendant's false statements under § 1014).

Nevertheless, because the district court did not explain its restitution order and because we cannot conclude definitively that the record does not contain a factual basis to support restitution in favor of Johnson and Middleton, we vacate that restitution order and remand for further proceedings. Our remand, however, is limited to the issue of restitution, and only as it pertains to Johnson and Middleton.

**AFFIRMED in part, VACATED in part, and REMANDED.**