

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  MARIA ELENA GAMBOA NICDAO, <br><br> Debtor, <br> _____ <br><br> MARIA ELENA GAMBOA NICDAO, <br><br> Appellant, <br><br> v. <br><br> CASH ALASKA II, LLC, <br><br> Appellee. | No. 11-35102 <br><br> D.C. No. 3:10-cv-00151-TMB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted December 19, 2012[**]

Before:  GOODWIN, WALLACE, and FISHER, Circuit Judges.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Maria Elena Gamboa Nicdao appeals pro se from the district court's judgment dismissing her second appeal from the bankruptcy court's amended judgment in her Chapter 7 adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo, *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010), and we affirm.

The district court properly dismissed Nicdao's second appeal because, after the bankruptcy court amended its judgment on remand following Nicdao's first appeal, there were no additional issues for the district court to review and it was precluded from reconsidering previously decided issues. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (law of the case doctrine precludes reconsideration of an issue that has already been decided by the same court, or a higher court, in the identical case). Nicdao also failed to establish grounds based upon which the district court could exercise its discretion not to apply the preclusive law of the case doctrine and reconsider issues it had decided in the first appeal. *See id.* at 155 (discussing limited exceptions to the law of the case doctrine).

We do not address issues raised by Nicdao for the first time on appeal. *See Brown v. Gen. Tel. Co. of Cal.*, 108 F.3d 208, 210, n.1 (9th Cir. 1997).

**AFFIRMED.**

11-35102