
FILED

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN B. BUCKHEIT,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>TONY DENNIS; DEAN DEVLUGT;<br>TOWN OF ATHERTON; COUNTY OF<br>SAN MATEO; ANTHONY KOCKLER;<br>JERRY CARLSON,<br><br>  Defendants - Appellees. | No. 12-16061<br><br>D.C. No. 3:09-cv-05000-JCS<br><br><br>MEMORANDUM* |
| JONATHAN B. BUCKHEIT,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>TONY DENNIS; DEAN DEVLUGT;<br>TOWN OF ATHERTON; COUNTY OF<br>SAN MATEO; ANTHONY KOCKLER;<br>JERRY CARLSON,<br><br>  Defendants - Appellees. | No. 13-15214<br><br>D.C. No. 3:09-cv-05000-JCS |

---

  *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted May 14, 2014
San Francisco, California

Before: SILVERMAN and GOULD, Circuit Judges, and LEMELLE, District Judge.[**]

In No. 12-16061, Plaintiff-Appellant Jonathan Buckheit appeals the district court's grant of summary judgment to the County of San Mateo ("the County") on his 42 U.S.C. § 1983 claim that the County conspired with the Town of Atherton to violate Buckheit's First Amendment rights by withholding a copy of the police report filed after his arrest on suspicion of domestic violence in retaliation for his petition for a declaration of factual innocence. In No. 13-15214, Buckheit appeals (1) the district court's award of $145,434 in attorneys' fees to the County under 42 U.S.C. § 1988, and (2) its evidentiary ruling on one of the County's declarations in support of its fees motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment to the County but reverse its award of attorneys' fees.

Addressing appeal No. 12-16061, we observe that there is no evidence that the County's district attorney had a copy of the police report when Buckheit

---

[**] The Honorable Ivan L.R. Lemelle, District Judge for the United States District Court for the Eastern District of Louisiana, sitting by designation.

requested it from him.[1]  Nor is there evidence that the County's actions were motivated by retaliatory intent.  Indeed, there is evidence to the contrary—that the County tried to help Buckheit get a copy of his police report but could not persuade the Town of Atherton to produce it.  Further, Buckheit's allegations of a conspiracy between the County and the Town of Atherton are speculative and lack evidentiary support.  *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").  Because we conclude that there is no genuine dispute as to any material fact, we hold that the district court properly granted summary judgment to the County.  *See Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2013); *see also Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 771 (9th Cir. 2006).

We next address appeal No. 13-15214.  Courts may award attorneys' fees to prevailing defendants in suits brought under 42 U.S.C. § 1983 only in "exceptional circumstances."  *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 1988(b).  Put

---

[1] Buckheit did not broadly request a copy of the police report in the custody of any County entity.  Whether the County's child protective services agency had a copy, then, is irrelevant.

3

another way, a prevailing civil rights defendant is entitled to a fee award "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Edgerly v. City & Cnty. of S.F.*, 599 F.3d 946, 962 (9th Cir. 2010) (internal quotation marks omitted).

We agree with the district court that Buckheit's claims against the County are "extremely weak." And yet, we do not agree that there is "no legal or factual basis" for them, which is required to grant fees to a prevailing civil rights defendant. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978). The County acknowledged at oral argument that it had a role in the formation of the domestic violence policy followed by the officers who arrested Buckheit. A challenge to that policy's provisions, as interpreted by the arresting officers, impelled Buckheit's suit. We conclude that the connection between Buckheit's claims and the County is "tenuous, but not frivolous." *See Traver v. Meshriy*, 627 F.2d 934, 939 (9th Cir. 1980).

Perhaps more importantly, where a defendant prevails in a 42 U.S.C. § 1983 suit, our practice requires us "to avoid discouraging civil rights plaintiffs from bringing suits"—even on claims that are creative—"and thus 'undercut[ting] the efforts of Congress to promote the vigorous enforcement of' the civil rights laws." *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011)

4

(alteration in original) (quoting *Christiansburg Garment Co.*, 434 U.S. at 422). By tolerating creative lawyering, the law adapts and meets society's needs. We conclude that in this case an award of attorneys' fees to the County—a prevailing civil rights defendant—was not warranted, and we reverse the district court on that issue.[2] *See, e.g.*, *Braunstein*, 683 F.3d at 1184, 1189; *Thomas v. Bible*, 983 F.2d 152, 153, 155 (9th Cir. 1993) (reversing district courts' awards of attorneys' fees to prevailing defendants in 42 U.S.C. § 1983 cases).[3]

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part.**

---

[2] While our decision affirms the district court in part and reverses in part, we appreciate and acknowledge the work of that court in setting forth the facts and the law in a thorough fashion.

[3] Because we reverse the district court's award of attorneys' fees to the County, we need not reach Buckheit's claim that the district court abused its discretion when it considered Brian Wong's declaration in deciding the County's motion for fees.