**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL BRINK,

               Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

               Defendant - Appellee.

No. 13-35385

D.C. No. 3:12-cv-01131-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted March 5, 2015
Portland, Oregon

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

    Daniel Brink appeals the district court's judgment affirming the

Administrative Law Judge's (ALJ) denial of benefits. We have jurisdiction under

28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The ALJ failed to follow the law of the case. We previously held that the ALJ failed to include Brink's moderate impairments in concentration, persistence, or pace in the ALJ's hypothetical to the vocational expert. *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed App'x 211, 212 (9th Cir. 2009). In other words, we reasoned that the ALJ failed to capture Brink's functional limitations resulting from his moderate impairments in concentration, persistence, or pace when the ALJ's hypothetical to the vocational expert stated only that Brink could perform simple, repetitive tasks. *See id.* That decision was not clearly erroneous, no intervening change in the law has occurred, the evidence on remand was not substantially different, no other changed circumstances exist, and no manifest injustice would otherwise result. *See Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). Therefore, the ALJ was bound by our conclusion, and in the absence of any new evidence in the record, the ALJ erred in repeating a hypothetical to the vocational expert that was substantially identical to the hypothetical we ruled to be inadequate. *See id.*

On remand the ALJ should identify any additional functional limitations resulting from Brink's impairments in maintaining concentration, persistence, or pace. Alternatively, we have not precluded an ALJ from merely including the statement that the claimant suffered specified deficiencies of concentration,

persistence, or pace in a hypothetical, as ALJs have previously done. *See Garrison v. Colvin*, 759 F.3d 995, 1006 (9th Cir. 2014).

**REVERSED AND REMANDED.**