A. Lee BIANCUR; Linda Biancur; La Rue W. Bean; Allen Murphy; Robert Schlenzig; Gail Schlenzig, on behalf of themselves and others similarly situated, Plaintiffs—Appellees,

v.

John A. HICKEY, Defendant—Appellant.

No. 00–16435.

D.C. No. CV–95–02145–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided April 8, 2002.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

MEMORANDUM [*]

John A. Hickey appeals the district court's entry of judgment against him. He argues that entry of judgment was inappropriate because the default on which judgment was predicated was void. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion [1] when it declined to lift the default on the asserted grounds that service of process had been delayed without good cause shown. The court never provided notice to the plaintiffs that it would, on its own initiative, dismiss the action against Hickey if good cause for the delay was not shown, as required by Federal Rule of Civil Procedure 4(m). Hickey also did not timely move for dismissal under Rule 4(m), triggering the requirement that plaintiffs show good cause under that rule. Moreover, plaintiffs have successfully demonstrated that if they had been required to show good cause during the period for service, they could have done so. The default was not void on the ground that good cause was not shown at the time of the delay in service.

The district court also correctly rejected Hickey's arguments that the default was void because the district court dismissed the first amended complaint in its entirety when it granted three other defendants' motions to dismiss; and because the clerk entered default as to the second amended complaint, which was never filed and never properly served on Hickey.

The district court correctly concluded that the first amended complaint remained operative as to Hickey. Nothing in the motions to dismiss filed by the three other defendants sought dismissal of the claims against Hickey, nor could they properly have done so. And nothing in the district court's orders granting those motions purported to dismiss the complaint against Hickey. Accordingly, the first amended complaint, which was properly served on Hickey, remained operative as to him.

The district court also correctly concluded that the clerk entered default as to the first amended complaint. Plaintiffs' reference to the second amended complaint in the affidavit accompanying the application

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.), *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

for default was simple—and harmless—error on the part of the plaintiffs' attorney.

We note, in further support of the district court's sound decisions on Hickey's implied motions to lift the default, that Hickey advances no meritorious defense to any of the claims in the complaint and that his motions were hardly timely.[2] For the foregoing reasons, we affirm.

AFFIRMED.

---

2. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994) (noting that when "timely relief is sought from a default ... and the movant has a meritorious defense" courts should favor setting aside a default) (internal quotations and citations omitted).

