A. Lee **BIANCUR**; Linda Biancur; La Rue W. Bean; Allen Murphy; Robert Schlenzig; Gail Schlenzig, on behalf of themselves and others similarly situated, Plaintiffs–Appellees,

v.

John A. **HICKEY**, Defendant–Appellant.

No. 01–17238.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2007 *.

Filed Feb. 22, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Peter A. Pease, Esq., Berman, Devalerio & Pease, Boston, MA, Joseph J. Tabacco, Jr., Esq., Berman, Devalerio, Pease & Tabacco, San Francisco, CA, Richard J. Schager, Esq., Stamell & Schager, Peter A. Pease, Esq., New York, NY, for Plaintiffs–Counter–Defendants–Appellees.

Richard J. Schager, Esq., David J. Cohen, Esq., Cohen & Paik, San Francisco, CA, for Defendant–Cross–Defendant.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM **

John A. Hickey appeals the district court's denial of his motion for relief from default judgment. Hickey argues that the underlying default was void and that the district court's refusal to grant post-judgment relief was an abuse of discretion. We reject these arguments and affirm.

In the action underlying this appeal, plaintiffs brought a securities class action suit against Hickey and others. Although Hickey was served in 1996, he did not make an appearance in the case until 2000 after plaintiffs had already moved for entry of default judgment against him. The district court granted plaintiffs' application for entry of default judgment and ordered Hickey to pay damages. Hickey appealed to this court, and we affirmed the district court's judgment. *See Biancur v. Hickey,* 32 Fed.Appx. 949 (9th Cir.2002).

While his first appeal was pending, Hickey filed in district court a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b). The district court denied the motion and Hickey now appeals that denial. In support of this appeal, Hickey has filed a brief that is nearly identical to the brief filed in his first appeal: Not only are his arguments the same, but the language is nearly identical.

According to the well-established law of this Circuit, we "do[ ] not reconsider matters resolved on a prior appeal." *Bean v. Calderon,* 163 F.3d 1073, 1078 (9th Cir. 1998) (quoting *Jeffries v. Wood,* 114 F.3d 1484, 1488–89 (9th Cir.1997) (en banc) (overruled on other grounds)). "The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 281 (9th Cir.1996) (quoting *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993)).

Law of the case is a discretionary doctrine, but that discretion has certain limits. *See Thomas v. Bible,* 983 F.2d 152, 155 (9th Cir.1993). Specifically, the previous panel decision should be followed unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 216 F.3d 764, 787 (9th Cir.2000) (quoting *Jeffries,* 114 F.3d at 1489). Here, appellant has failed to raise a single argument that would justify rehearing. He never suggests that the earlier panel made a clearly erroneous decision that wrought a manifest injustice.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Nor does he assert that any intervening authority has changed the relevant legal landscape or that any new evidence might undermine the original decision. Indeed, Hickey offers nothing more than the very same arguments—couched in the very same language—that were rejected by the previous panel. The law of the case doctrine requires that we accept the decision of the previous panel and affirm the dismissal by the district court.

**AFFIRMED.**