**Velma L. BROWN, Plaintiff–Appellant,**

v.

**GENERAL TELEPHONE COMPANY OF CALIFORNIA, Defendant–Appellee.**

No. 95–56876.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 1997.*

Decided Feb. 26, 1997.

* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Brown's request for oral argument is denied. *See* Fed.R.App.P. 34(a); 9th Cir.R. 34–4. In addition, Brown's motion to strike the appellee's opening brief and supplemental excerpts of record is denied.

Velma Brown, Newbury Park, CA, pro se, for the plaintiff-appellant.

Timothy Sottile, GTE California Incorporated, Thousand Oaks, CA, for the defendant-appellee.

Before: ALARCON, CANBY and TASHIMA, Circuit Judges.

PER CURIAM:

Velma Brown appeals pro se the district court's summary judgment for defendant General Telephone Company of California ("GTE") in her action alleging discriminatory treatment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.

■ Brown contends that the district court erred by finding that her employment with GTE was terminated prior to the effective date of the ADA. This contention lacks merit.

■ The ADA prevents discriminatory treatment against disabled persons on the basis of their disability. *See* 42 U.S.C. § 12112(a). The ADA is not retroactive and it does not apply to actions taken prior to July 26, 1992, the effective date of the Act. *See* Pub.L. No. 101–336, Title I, § 108, 104 Stat. 337 (1990); *see also Burfield v. Brown, Moore, & Flint, Inc.*, 51 F.3d 583, 588 (5th Cir.1995) (barring disability discrimination claim because the employee was terminated prior to the effective date of the ADA).

In support of its motion for summary judgment, the defendant submitted a copy of a letter that was mailed to Brown on March 4, 1992. This letter notified Brown that her acceptance of permanent and total disability ("PTD") benefits terminated her employment with GTE as of April 15, 1992. During her deposition, Brown acknowledged that she received the letter. The defendant further pointed to Brown's admission in her complaint that she was "terminated on or about April 15, 1992."

■ In her opposition to the defendant's summary judgment motion, Brown submitted GTE's statements in response to her interrogatories that they did not terminate Brown's employment. GTE also stated in their answers, however, that Brown terminated her own employment by accepting PTD benefits. Thus, when read in its entirety, GTE's answers are consistent with the March 4, 1992 letter which confirmed that Brown's employment had been terminated because she accepted PTD benefits. Moreover, none of GTE's answers indicate that Brown's employment was not terminated on or before April 15, 1992. Accordingly, GTE's answers do not raise a genuine issue regarding the date Brown's employment was terminated.

■ Brown also submitted the leave of absence form which accompanied GTE's March 4, 1992 letter in her opposition to the defendant's summary judgment motion. The leave of absence form indicates that Brown's medical leave was "extended an additional six months." Brown contends she was terminated after the effective date of the ADA because the six month extension began on March 4, 1992, and ended on October 4, 1992. The letter accompanying this form, however, explains that Brown's leave was extended for "record purposes only," and that the six month extension began on October 15, 1991 and ended on April 15, 1992. Accordingly, the leave of absence forms do not raise a genuine issue regarding her termination date. Because Brown presented no evidence indicating that she was terminated after July 26, 1992, the effective date of the ADA, the district properly concluded that Brown's

ADA claim was barred. *See Burfield,* 51 F.3d at 588.[1]

**AFFIRMED.**

---

**1.** In her Opening Brief, Brown contends that the collective bargaining agreement between GTE and Communications Workers of America does not provide for termination of employment upon acceptance of PTD benefits. Brown failed to raise this issue before the district court and she did not show exceptional circumstances explaining her failure to do so. Accordingly, we will not consider this issue on appeal. *See International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985) (court will review an issue not raised in the district court only in exceptional circumstances).