**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURT ALLEN BYRON, AKA Curt-Allen of the Family Byron,<br><br>          Plaintiff - Appellant,<br><br>   v.<br><br>CURTIS OF THE FAMILY HIROTAKA,<br><br>          Defendant - Appellee. | No. 12-35006<br><br>D.C. No. 2:10-cv-01879-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

    Curt Allen Byron, aka Curt-Allen of the Family Byron, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

various claims arising from a traffic stop and subsequent arrest.  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument, and, therefore, denies plaintiff's request for oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed plaintiff's unlawful search and seizure claim because plaintiff failed to allege facts demonstrating that defendant Hirotaka's request for plaintiff''s full name, license, registration, and insurance verification during a valid traffic stop, and his subsequent arrest for failure to provide the same, were not "reasonably related in scope to the circumstances which justified" the stop. *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 188-89 (2004) (state law authorizing police officer to request name or identification during valid traffic stop, and to arrest persons who fail to comply, is consistent with Fourth Amendment); *see also* Wash. Rev. Code §§ 46.61.020, 46.61.021, 10.31.100, and 9A.76.020.

Plaintiff's due process claim was properly dismissed because plaintiff failed to allege facts demonstrating that defendant Hirotaka's conduct in arranging the towing of plaintiff's vehicle and trailer or completing Byron's arrest reports violated the Fourteenth Amendment. *See Hallstrom v. Garden City*, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (no due process violation where, consistent with an

independent "community caretaking function," officer arranged for plaintiff's vehicle to be towed after pulling her over for a traffic violation); *see also Cholla Ready Mix, Inc.*, 382 F.3d at 973 (conclusory allegations and unreasonable inferences are not sufficient to defeat a motion to dismiss).

The district court properly dismissed plaintiff's Fifth Amendment claim because plaintiff failed to allege facts demonstrating that disclosing his full name or providing his license, registration, and insurance documents violated his rights against self-incrimination. *See Hiibel*, 542 U.S. at 190-91 (no Fifth Amendment violation absent evidence that a person's refusal to disclose his name was based on real and appreciable fear that it would be used to incriminate him); *United States v. Bohn*, 622 F.3d 1129, 1137 (9th Cir. 2010) (defendant's disclosure of name and identification has no incriminating effect where police officer knows who defendant is and what he has done, such as where a traffic violation occurs in the officer's presence).

We do not consider issues raised for the first time on appeal, including with respect to alleged violations of plaintiff's rights under the Seventh Amendment. *See Brown v. Gen. Tel. Co. of Cal.*, 108 F.3d 208, 210 n.1 (9th Cir. 1997) (per curiam).

Plaintiff's contentions regarding the application and interpretation of various traffic regulations are unpersuasive.

**AFFIRMED.**