**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SHANEL ANN STASZ, | No. 11-60025 |
| Debtor, | BAP No. 10-1145 |
| SHANEL ANN STASZ, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ROSENDO GONZALEZ, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Kirscher, Bankruptcy Judges, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Chapter 7 debtor Shanel Ann Stasz appeals pro se from the Bankruptcy

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order compelling turnover of estate property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly concluded that the funds held on account of the West Hollywood Domestic Non Grantor Trust were property of the bankruptcy estate because the law of the case established that Stasz had rescinded that trust before filing for bankruptcy. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (law of the case doctrine generally precludes reconsideration of an issue that has already been decided by the same court, or a higher court, in the identical case); *see also Abele v. Phoenix Suns Ltd. P'ship (In re Harrell)*, 73 F.3d 218, 219 (9th Cir. 1996) (per curiam) (bankruptcy estate "includes 'all legal or equitable interests of the debtor in property as of the commencement of the case'" (quoting 11 U.S.C. § 541(a)(1)).

We do not address issues raised for the first time on appeal. *See Brown v. Gen. Tel. Co. of Cal.*, 108 F.3d 208, 210 n.1 (9th Cir. 1997) (per curiam).

Stasz's contentions concerning collateral estoppel, the trust's alleged exempt status, and the necessity of an adversary proceeding are unpersuasive for the

reasons stated by the BAP.

**AFFIRMED.**