**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KONIAG, INC., an Alaska corporation and MICHAEL P. O'CONNELL, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> KURT KANAM, individually and as Tribal Attorney for the Native Village of Karluk and ORBIE MULLINS, individually and as Village of Karluk Tribal Court Judge for the Karluk Tribal Court for the Native Village of Karluk, <br><br> Defendants-Appellants. | No. 16-35632 <br><br> D.C. No. 3:12-cv-00077-SLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted October 6, 2017[**]
Seattle, Washington

Before: WARDLAW, CLIFTON, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kurt Kanam and Orbie Mullins appeal from the district court's judgment holding that they do not have the right to exercise, retain, or threaten tribal court jurisdiction over Appellees Koniag, Inc. and Michael O'Connell. We affirm.

Kanam and Mullins have forfeited their arguments. They failed to oppose any of the relevant motions filed before the district court. Instead, they raise their objections to the district court's ruling on tribal-court jurisdiction for the first time on appeal. Absent exceptional circumstances, we will not hear arguments on appeal that were not raised before the district court. *Brown v. Gen. Tel. Co. of Cal.*, 108 F.3d 208, 210 n.1 (9th Cir. 1997); *United States v. Oregon*, 769 F.2d 1410, 1414 (9th Cir. 1985). Kanam and Mullins have not attempted to show exceptional circumstances.

The tribal court's lack of jurisdiction over Koniag and O'Connell here is clear, in any event. Generally, "the inherent sovereign powers of an Indian tribe" do not extend to nonmembers. *Montana v. United States*, 450 U.S. 544, 565 (1981). But a tribe may "regulate . . . the activities of nonmembers who enter consensual relationships with the tribe or its members" on its reservation, "even on non-Indian fee lands"; and "exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some

2

direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Id.* at 565-66.

It is undisputed that Koniag and O'Connell are not members of the Native Village of Karluk. As for the two *Montana* exceptions, the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 *et seq.*, eliminated all but one Indian reservation in Alaska, the Annette Island Reserve of the Metlakatla Indians. *Alaska v. Native Vill. of Venetie Tribal Gov't*, 522 U.S. 520, 524 (1998). That reservation is not at issue here. And, even if the consensual relationship exception applied, Kanam and Mullins have not shown the existence of such a relationship. On its face, the challenged merger involved Karluk Native Corporation, among others. Kanam and Mullins have never explained the relationship between the Karluk Native Corporation and the Native Village of Karluk. In sum, the Karluk Tribal Court does not have jurisdiction over Koniag or O'Connell.

The arguments that Kanam and Mullins raise for the first time on appeal do not cure this defect. Kanam and Mullins are not entitled to sovereign immunity, as the immunity of the tribe does not extend to its officials. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978). Because of the tribal court's obvious lack of jurisdiction, Koniag and O'Connell were not required to exhaust their claims in tribal court. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S.

845, 856 n.21 (1985). The doctrine of unclean hands, even if it were factually applicable, does not create jurisdiction where it otherwise does not exist. *See generally Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989) (explaining the doctrine).

    **AFFIRMED.**