NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA GODHART, | No.   20-16140 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01541-JAD-VCF |
| v. | |
| TESLA, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Joshua Godhart ("Godhart") appeals pro se the district court's order compelling arbitration and dismissing his employment discrimination and retaliation action against Tesla, Inc. ("Tesla").  We have jurisdiction under 9

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 16(a)(3) and 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order compelling arbitration. *Lambert v. Tesla, Inc.*, 923 F.3d 1246, 1248 (9th Cir. 2019).

Godhart has waived his challenge that he was entitled to a jury trial on the making of the arbitration agreement by not raising the argument in his oppositions to Tesla's motions. *See Brown v. Gen. Tel. Co. of California*, 108 F.3d 208, 210 n.1 (9th Cir. 1997) (holding that a pro se plaintiff may not raise a new issue on appeal where the issue was not raised before the district court); *cf. Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that an issue is considered abandoned if it was not raised in response to a defendant's motion to dismiss so that it was not ruled on by the district court).

We deem without merit Godhart's argument that the decision from the ALJ of the National Labor Relations Board weighed in favor of a jury trial: neither Godhart nor Tesla were parties to the arbitration agreements at issue in the NLRB case, which addressed other employees' rights to access the NLRB.

**AFFIRMED**.

2