MEMORANDUM *
Plaintiff Lois Goodman (“Goodman”) appeals the district court’s grant of summary judgment to individual Los Angeles Police Department (“LAPD”) officers David Pe-teque, Jeffrey Briscoe, Pamela Pitcher, and Nick Pikor (collectively, “the officers”), Los Angeles County Coroner’s Office deputy medical examiner Dr. Yulai Wang (“Dr. Wang”), and the LAPD in this action for unlawful arrest and malicious prosecution under 42 U.S.C. § 1983. For the reasons explained below, we affirm the judgment of the district court with respect to the officers and the LAPD, but reverse the judgment of the district court with respect to Dr. Wang and remand for further proceedings.
Goodman was arrested for the murder of her husband Alan on August 21, 2012. Goodman had found her husband dead in their bed, covered in blood, with blood throughout the house, on April 17, 2012. There was no sign of forced entry, and Goodman was the last person to see Alan alive. Though the initial judgment on the scene was that Alan had likely died from an accidental fall, an initial autopsy lead to a lengthy investigation by the LAPD with Goodman as the primary, and only, suspect. On August 7, 2014, Dr.- Wang changed the cause of death on Alan’s autopsy report from “pending investigation” to “homicide” with no explanation for the change. Armed with the new autopsy report, LAPD officers obtained an arrest warrant with full extradition on August 14, 2012, because Goodman was to be in New York to referee the U.S. Open tennis tournament. Two LAPD officers then traveled to New York, arrested Goodman as she left her hotel, and the officers then appeared on a morning television show.
LAPD lab tests later revealed Goodman’s DNA was not present on the coffee mug suspected to have been the murder weapon, and Goodman passed a polygraph test. The District Attorney (“DA”) for Los Angeles retained two independent pathology experts, who both concluded that Alan’s death was an accident, thereby discrediting Dr. Wang’s conclusion. The DA dismissed the criminal case against Lois Goodman. Goodman then filed this suit against the officers, the LAPD, and Dr. Wang.
1. The district court did not err in granting summary judgment based on qualified immunity to the individual LAPD officer defendants on Goodman’s claims of *890 unlawful arrest and malicious prosecution. On appeal, Goodman disavows any reliance on a judicial deception theory and instead argues a garden variety false arrest claim, i.e., that the warrant affidavit the individual officers filed was so lacking in probable cause that no reasonable officer would have filed the warrant application. See Malley v. Briggs, 475 U.S. 385, 345, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).
Goodman first argues that because the warrant affidavit itself contained no list of facts, but instead incorporated “5 Books” of evidentiary material by reference, it was lacking in probable cause. Goodman cites no case law suggesting that a sworn affidavit cannot rely entirely on incorporation by reference of other documents and there appears to be no clearly established law prohibiting it. See Ashcroft v. al-Kidd, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) (public officials protected by qualified immunity unless it was “ ‘clearly established’ at the time of the challenged conduct” that their conduct violated constitutional rights).
Goodman next argues that the magistrate could not have had time to review the entirety of the “5 Books.” Regardless of whether this is true, the question is not whether the magistrate actually reviewed the affidavit but whether a reasonable officer could have believed that the affidavit and incorporated documents established probable cause. See Malley, 475 U.S. at 345, 106 S.Ct. 1092. Goodman argues that the “5 Books” do not actually establish probable cause. The officers, however, knew that (1) Alan was found in a pile of blood; (2) that there was no sign of forced entry and Goodman was the only person with access to the home; and (3) that the autopsy report indicated homicide. This is sufficient for a reasonable officer to believe probable cause existed.
Goodman’s malicious prosecution claim against the officers therefore also fails. In order to maintain a malicious prosecution claim, a plaintiff must show that the officers acted with malice and without probable cause. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011). Assuming that the facts establish that the officers acted with malice, the existence of probable cause precludes Goodman’s claim.
2. The district court also did not err in granting summary judgment to the LAPD on Goodman’s claim for supervisory liability under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Goodman provides no evidence of any LAPD policy or customs that could form the basis of Mo-nell liability. Her only evidence of ratification of wrongful acts is that the LAPD police chief stated that the homicide investigation would continue after the DA dismissed criminal charges. Goodman failed to show that LAPD encouraged, ratified, or permitted any unconstitutional behavior with respect to Goodman. See Crowe v. County of San Diego, 608 F.3d 406, 445 (9th Cir. 2010).
3. The district court did err, however, in granting summary judgment to Dr. Wang. Claims for false arrest and malicious prosecution against a coroner are judged according to identical standards. Galbraith v. City of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002). It is clearly established law that a coroner may not recklessly or intentionally falsify an autopsy report in a manner that plays a material role in a false arrest and prosecution. Id. In the light most favorable to Goodman, a reasonable jury could find that Dr. Wang recklessly or intentionally falsified an autopsy report when he changed, Alan’s cause of death from “pending investigation” to “homicide” for several reasons. First, Dr. Wang failed to follow standards *891 H31.7 and H31.9, created by the National Association of Medical Examiners, requiring a coroner to provide a reason for the change in cause of death. Second, his report omitted evidence that Alan’s injury was consistent with an accidental fall. Third, both experts the DA retained concluded Alan’s death was not a homicide, with one expert concluding that Dr. Wang’s report was “defective and far outside recommended national guidelines for quality of work.” The experts hired by both sides for this litigation disagree as to whether Dr. Wang’s report was defensible, creating ⅝ genuine issue of material fact.
AFFIRMED in part, REVERSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.