**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOIS GOODMAN, an individual, | No. 18-55586 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05959-JAK-MAN |
| v. | |
| YULAI WANG, individually and in his official capacity as an employee of the Los Angeles County Coroner's Office, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted October 17, 2019
Pasadena, CA

Before: NGUYEN and OWENS, Circuit Judges, and VITALIANO,** District Judge.

On remand following our decision in *Goodman v. City of Los Angeles Police Dep't et al.*, 708 F. App'x 888 (9th Cir. 2017), appellant Lois Goodman proceeded to trial against Dr. Yulai Wang, a Los Angeles County medical examiner, on her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

1

surviving claim that Dr. Wang's erroneous autopsy findings that her husband's death was a homicide had intentionally or recklessly caused her injury because they had resulted in her unlawful arrest, extradition and prosecution for that crime. A jury found for Dr. Wang. Goodman timely appealed, invoking our jurisdiction under 28 U.S.C. § 1291. We affirm.

Goodman's appeal focuses, principally, on evidentiary rulings made by the district court precluding the admission of evidence relating to DNA samples collected in the course of the police investigation into the death of her husband, which she sought to admit to support her claim that Dr. Wang's autopsy findings were falsified. Assuming, as we do, that the evidence proffered by Goodman and excluded by the district court satisfied the test of relevance under Federal Rule of Evidence 401, the issue presented is whether the district court's determination to exclude that evidence abused the discretion accorded it by Rule 403 to weigh the probative value of the evidence against its prejudicial impact. We are mindful that, absent abuse of discretion, a district court's evidentiary rulings should not be disturbed on appeal. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003), *as amended on denial of reh'g and reh'g en banc* (June 17, 2003).

We first review Goodman's broad challenge to the district court's exclusion of evidence relating to DNA collection and analysis. As it is undisputed that the proffered DNA evidence was unavailable until after Dr. Wang issued the autopsy

findings which are the subject of Goodman's claim, it was not an abuse of discretion for the district court to exclude it. Balanced against its limited probative value, the finding by the district court that the admission of such evidence would have been confusing to the jury, and would have needlessly prolonged the trial was not error.

Nor did the district court abuse its discretion in excluding certain exhibits and testimony proffered by Goodman regarding the National Association of Medical Examiners ("NAME") standards for the conduct of forensic medical examinations and the content of autopsy reports. The record makes clear that the district court admitted other evidence proffered by Goodman to the same effect, including relevant excerpts from the NAME standards Goodman sought to introduce in their entirety. These rulings were well within the bounds of the district court's authority under Rule 403.[1]

We also find that the district court did not abuse its discretion in sustaining objections to certain lines of inquiry during Goodman's examination of Dr. Wang and his expert, Dr. Marcella Fierro. Goodman was given a sufficient opportunity

---

[1] Goodman tries to bolster her arguments on this point by contriving a law of the case theory based on our 2017 memorandum disposition remanding her case against Dr. Wang for trial which makes reference to consideration of NAME standards. That argument is meritless. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

to examine each witness as to Dr. Wang's findings, the expert's opinion, and their respective credentials in their relevant field of expertise.

Also unavailing is Goodman's contention that the limits on the duration of trial imposed by the district court were overly restrictive, warranting a new trial. Though "[r]igid and inflexible" time limits are "generally disfavored," a district court is empowered "to impose reasonable time limits on a trial." *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996), *as amended* (Jan. 15, 1997). The time limits set by the district court were imposed after pre-trial consultation with the parties and supplemented by an additional hour to each side for closing argument. Other than in connection with her attempt to introduce DNA evidence excluded by the district court on other grounds, there is no indication in the record that Goodman sought at any point during trial additional time, much less that any such request was denied. The time limitations imposed by the district court, rather than rigid or inflexible, "when viewed in the context of the entire trial, were reasonable." *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995).

**AFFIRMED.**